UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BASHAN TAYLOR,

                                    Plaintiff,

                                                                        9:05-CV-0271
v.                                                                      (LEK/GHL)

DALE ARTUS, Superintendent, Clinton Correctional
Facility; LIEUTENANT ARMSTEAL, Tier Two
Hearing Officer; RENOWN, Correctional Sergeant;
CASTIRON, Correctional Officer; CHAPMAN,
Correctional Officer; CHRISTIAN, Correctional
Officer; and MAHUTA, Correctional Officer;

                                    Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

BASHAN TAYLOR, 03-A-5794
Adirondack Correctional Facility
P.O. Box 110
Ray Brook, NY 12944

HON. ANDREW M. CUOMO                         JEFFREY P. MANS, ESQ.
Attorney General of the State of New York       Assistant Attorney General
Litigation Bureau, The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

        This action has been referred to me for Report and Recommendation by the Honorable

Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local

Rule 72.3(c) of the Local Rules of Practice for this Court.  Plaintiff Bashan Taylor ("Plaintiff"),

currently an inmate at Adirondack Correctional Facility, commenced this *pro se* civil rights

action pursuant to 42 U.S.C. § 1983.

Liberally construed, Plaintiff's Amended Complaint alleges that seven employees of Clinton Correctional Facility ("Clinton C.F.")–Superintendent Dale Artus, Correctional Lieutenant Armsteal, Correction Sergeant Renown, and Correctional Officers Castiron, Chapman, Christian, and Mahuta ("Defendants")–violated his rights under the First, Eighth and Fourteenth Amendments when, between approximately August 13, 2004, and June 2, 2005, they committed various acts of misconduct, including (1) issuing unjustified misbehavior reports charging him with variety of infractions (e.g., burning incense in his cell, not attending a mandatory meal, not responding to "call out[s]" to "attend[] law library"), (2) not following the proper procedures at prison disciplinary hearings, resulting in his disciplinary convictions, (3) refusing to help him when he complained about the aforementioned misbehavior reports and disciplinary convictions, (4) threatening to beat him, (5) denying him access to the facility's law library, and (6) depriving him of various pieces of his personal property (e.g., taking money out of his facility bank account due to his "[disciplinary] tickets," and taking various legal papers that he had been instructed to leave outside a mess hall).  (*See generally* Dkt. No. 9 [Plf.'s Am. Compl.].)

Currently pending before the Court is Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Dkt. No. 32.)  Despite having been twice advised of the potential consequences of failing to respond to Defendants' motion (Dkt. No. 32, Part 1; Dkt. No. 33), Plaintiff has not responded.  For the reasons that follow, I recommend that Defendants' motion be granted.  In the alternative, I recommend that the Court revoke Plaintiff's *in forma pauperis* status as having been improvidently granted, and dismiss his Amended Complaint without prejudice to refiling upon payment of the filing fee.

## I.     APPLICABLE LEGAL STANDARDS

### A.     Legal Standard Governing Unopposed Motion for Summary Judgment Under Rule 56 of the Federal Rules of Civil Procedure

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material[1] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party.[2]

However, when the moving party has met its initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."[3]  The nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts."[4]  Rather, "[a] dispute regarding a material fact is

---

[1]     A fact is "material" only if it would have some effect on the outcome of the suit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[2]     *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) [citation omitted]; *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) [citation omitted].

[3]     Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading, but the [plaintiff's] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the [plaintiff] does not so respond, summary judgment, if appropriate, shall be entered against the [plaintiff].");  *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

[4]     Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere

*genuine* if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

What this somewhat complex burden-shifting standard means is that, where a plaintiff has failed to respond to a defendant's motion for summary judgment, "[t]he fact that there has been no response to a summary judgment motion does not . . . [by itself] mean that the motion is to be granted automatically."[6]  Rather, practically speaking, the Court must (1) determine what material facts, if any, are *disputed* in the record presented on the defendants' motion, and (2) assure itself that, based on those *undisputed* material facts, the law indeed warrants judgment for the defendants.[7]  However, where a plaintiff has failed to respond to a defendant's statements of material fact contained in its Statement of Material Facts (a/k/a its "Rule 7.1 Statement"), the

_____

allegations . . . of the [plaintiff's] pleading . . . ."); *Matsushita*, 475 U.S. at 585-86; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

[5]     *Ross v. McGinnis*, 00-CV-0275, 2004 WL 1125177, at *8 (W.D.N.Y. Mar. 29, 2004) [internal quotations omitted] [emphasis added].

[6]     *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

[7]     *See Champion*, 76 F.3d at 486 ("Such a motion may properly be granted only if the facts as to which there is no genuine dispute show that . . . the moving party is entitled to a judgment as a matter of law.") [internal quotation marks and citation omitted]; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.) (stating that, where a plaintiff has failed to respond to a defendant's motion for summary judgment, "[t]he Court must review the merits of Plaintiff's claims").  This requirement (that the Court determine, as a threshold matter, that the movant's motion has merit) is also recognized by Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court, which provides that "the non-moving party's failure to file or serve . . . [opposition] papers . . . shall be deemed as consent to the granting . . . of the motion . . . unless good cause is shown," *only where the motion has been "properly filed" and "the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein."*  N.D.N.Y. L.R. 7.1(b)(3) [emphasis added].

4

facts as set forth in that Statement will be accepted as true[8] to the extent that (1) those facts are supported by the evidence in the record,[9] and (2) the non-moving party, if he is proceeding *pro se*, has been specifically advised of the potential consequences of failing to respond to the movant's motion for summary judgment.[10]  Here, I note that Plaintiff has been *twice* so advised–first by Defendants on or about December 29, 2006, and then by the Court on or about

---

[8]      *See* N.D.N.Y. L.R. 7.1(a)(3) ("Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.").

[9]      *See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 243 (2d Cir. 2004) ("[W]here the non-movant party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. . . .  If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented. . . . [I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 Statement.  It must be satisfied that the citation to evidence in the record supports the assertion.") [internal quotation marks and citations omitted]; *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) ("In this case, [the plaintiff] did not file a statement of undisputed facts in compliance with Local Rule 7.1(a)(3).  Consequently, the court will accept the *properly supported* facts contained in the defendants' 7.1 statement.") [emphasis added]; *Adirondack Cycle & Marine, Inc. v. Am. Honda Motor Co., Inc.*, 00-CV-1619, 2002 U.S. Dist. LEXIS 4386, at *2-3 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) ("Local Rule 7.1 requires a party opposing summary judgment to respond to the statement of undisputed material facts submitted by the movant.  To the extent such facts are not controverted, *the properly supported facts* will be taken as true.") [emphasis added; citation omitted]; *cf.* Fed. R. Civ. P. 83(a)(1) ("A local rule shall be consistent with . . . Acts of Congress and rules adopted under 28 U.S.C. §§ 2072 and 2075 [which include the Federal Rules of Civil Procedure] . . . ."); Fed. R. Civ. P. 56(e) (requiring that, "if the non-movant does not . . . respond [to a summary judgment motion], summary judgment, *if appropriate*, shall be entered against the non-movant," and requiring that, as a threshold matter, the motion for summary judgment must be "made *and supported* as provided in this rule") [emphasis added].

[10]     *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *cf.* N.D.N.Y. L.R. 56.2 (imposing on movant duty to provide such notice to *pro se* opponent).

July 3, 2007.[11]

Implied in the above-stated standard is the fact that, where a non-movant fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute, even if that non-movant is proceeding *pro se*.[12] However, in the event the district court chooses to conduct such an independent review of the record, any verified complaint filed by the plaintiff should be treated as an affidavit.[13]  Here, I note that Plaintiffs' Amended Complaint does *not* contains a verification pursuant to 28 U.S.C. § 1746.[14]

---

[11]     (Dkt. No. 32, Part 1, at 1-2 [Defendants' Notice of Motion, filed 12/29/06, specifically advising Plaintiff of consequences of failing to respond to their motion, including the consequences of failing to respond to their Rule 7.1 Statement of Material Facts], *accord*, Dkt. No. 33, at 2-3 [Order of Court, filed 7/3/07, sua sponte giving Plaintiff an additional 30 days in which to respond to Defendants' motion, and advising him of the consequences of failing to oppose their motion, including the consequences of failing to respond to their Rule 7.1 Statement of Material Facts].)

[12]     *See Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) ("We agree with those circuits that have held that Fed. R. Civ. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.") [citations omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14, 2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. Oct. 29, 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

[13]     *See Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) ("[A] verified pleading . . . has the effect of an affidavit and may be relied upon to oppose summary judgment."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001) (holding that plaintiff "was entitled to rely on [his verified amended complaint] in opposing summary judgment"), *cert. denied*, 536 U.S. 922 (2002); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1993) ("A verified complaint is to be treated as an affidavit for summary judgment purposes.") [citations omitted].

[14]     (Dkt. No. 1.)

### B.     Legal Standard Governing Unopposed Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) of the Federal Rules of Civil Procedure

To the extent that a defendant's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is based solely on the allegations asserted in a plaintiff's complaint, such a motion is functionally the same as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  In such a circumstance, "a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment."[15]  Here, I note that several portions of Defendants' Memorandum of Law argue that various of Plaintiff's claims should be dismissed due to his failure to state a claim upon which relief may be granted.[16]

Moreover, I note that, even where a defendant has not advanced such a failure-to-state-a-claim argument on a motion for summary judgment, a district court may, *sua sponte*, address whether a *pro se* prisoner has failed to state a claim upon which relief may be granted.[17]

For these reasons, it is appropriate to briefly summarize the recently clarified legal standard governing Rule 12(b)(6) motions to dismiss.  Under Rule 12(b)(6) of the Federal Rules

---

[15]     *Schwartz v. Compagnise General Transatlantique*, 405 F.2d 270, 273-74 (2d Cir. 1968) [citations omitted], *accord*, *Katz v. Molic*, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56 summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or without notice to the parties.").

[16]     (*See*, *e.g.*, Dkt. No. 32, Part 21, at 9-12, 15-20 [Defs.' Mem. of Law].)

[17]     The authority to conduct this *sua sponte* analysis is derived from two sources: (1) 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that "the court shall dismiss [a] case [brought by a prisoner proceeding *in forma pauperis*] at any time if the court determines that . . . the action . . . is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] . . . or . . . seeks monetary relief against a defendant who is immune from such relief"; and (2) 28 U.S.C. § 1915A(b), which provides that, "[o]n review, the court shall . . . dismiss the [prisoner's] complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim

upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  It has long been understood that a

defendant may base such a motion on either or both of two grounds: (1) a challenge to the

"sufficiency of the pleading" under Rule 8(a)(2);[18] or (2) a challenge to the legal cognizability of

the claim.[19]

---

[18]    *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed.
2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the
sufficiency of the pleading under Rule 8(a)(2).") [citations omitted]; *Princeton Indus., Inc. v.
Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the
formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P.
8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v.
Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests
the formal legal sufficiency of the complaint, determining whether the complaint has conformed
to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled
to relief.'").

[19]    *See  Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("These allegations
give respondent fair notice of what petitioner's claims are and the grounds upon which they rest.
. . . In addition, they state claims upon which relief could be granted under Title VII and the
ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction
between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a
plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187
(2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a
complaint when the plaintiff's allegation . . . fails as a matter of law.") [citation omitted]; *Kittay
v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule
12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing
sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods.
Liab. Litig.*, 379 F. Supp.2d 348, 370 (S.D.N.Y. 2005) ("Although Rule 8 does not require
plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim [under
Rule 12(b)(6)].") [citation omitted]; *Util. Metal Research & Generac Power Sys.*, 02-CV-6205,
2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the
legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint
under Rule 8[a]); *accord*, *Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-02 (E.D.N.Y.
2004); *Tangorre v. Mako's, Inc.*, 01-CV-4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y.
Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at
the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of
the claims).

Rule 8(a)(2) requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[20] The purpose of this rule is to "facilitate a proper decision on the merits."[21] A complaint that fails to comply with this rule "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims."[22]

The Supreme Court has long characterized this pleading requirement under Rule 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement.[23] However, it is well established that even this liberal notice pleading standard "has its limits."[24] As a result, several Supreme Court and Second

---

[20]    *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 [1957]); *see also Swierkiewicz*, 534 U.S. at 512 (quoting *Conley*, 355 U.S. at 47); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley*, 355 U.S. at 47).

[21]    *See Swierkiewicz*, 534 U.S. at 514 (quoting *Conley*, 355 U.S. at 48).

[22]    *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, J.), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion). Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history. *See, e.g.*, *Photopaint Tech., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]).

[23]    *See, e.g.*, *Swierkiewicz*, 534 U.S. at 513-14 (noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited exceptions [including] averments of fraud or mistake.").

[24]    2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).

Circuit decisions exist, holding that a pleading has failed to meet this liberal notice pleading standard.[25]

Most notably, in the recent decision of *Bell Atl. Corp. v. Twombly*, the Supreme Court, in reversing an appellate decision holding that a complaint had stated a claim upon which relief could be granted, "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 127 S. Ct. 1955, 1968-69 (2007).[26] Rather than turning on the conceivability of an actionable claim, the Court clarified, the Rule 8 standard turns on the "plausibility" of an actionable claim. *Id.* at 1965-74. More specifically, the Court held that, for a

---

[25] *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-74 (2007) (pleading did not meet Rule 8[a][2]'s liberal requirement), *accord, Dura Pharm.*, 125 S. Ct. at 1634-35, *Christopher v. Harbury*, 536 U.S. 403, 416-22 (2002), *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234-35 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-09 (2d Cir. 2004). Several unpublished decisions exist from the Second Circuit affirming the Rule 8(a)(2) dismissal of a complaint after *Swierkiewicz*. *See, e.g.*, *Salvador v. Adirondack Park Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, at *5 (2d Cir. Apr. 26, 2002) (affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Rule 8[a][2]). Although these decisions are not themselves precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, they appear to acknowledge the continued precedential effect, after *Swierkiewicz*, of certain cases from within the Second Circuit interpreting Rule 8(a)(2). *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

[26] The Court in *Twombly* further explained: "The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint. . . . *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Twombly*, 127 S. Ct. at 1969.

plaintiff's complaint to state a claim, his "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming, of course, that all the allegations in the complaint are true.  *Id*. at 1965 [citations omitted].  What this means, on a practical level, is that there must be "plausible grounds to infer [actionable conduct]," or, in other words, "enough fact to raise a reasonable expectation that discovery will reveal evidence of [actionable conduct]."  *Id*.

Having said that, it should be emphasized that, "[i]n reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."[27]  Moreover, it should be noted that "[t]his standard is applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*."[28]  In other words, while all pleadings are to be construed liberally, *pro se* civil rights pleadings are generally to be construed with an *extra* degree of liberality.  Indeed, generally "courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest."[29]  In addition, when addressing a *pro se* complaint, generally a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might

---

[27]     *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) [citation omitted]; *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

[28]     *Hernandez*, 18 F.3d at 136 [citation omitted]; *see also Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) [citations omitted]; *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) [citation omitted].

[29]     *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's conclusory allegations of a due process violation were insufficient) (internal quotation and citation omitted).

be stated."[30]  However, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are

not absolutely suspended."[31]  For example, an opportunity to amend should be denied where "the

problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not

cure it."[32]

Finally, it is important to observe that "[w]here a properly filed motion is unopposed and

the Court determines that the moving party has met its burden to demonstrate entitlement to the

relief requested therein, the non-moving party's failure to file or serve any papers as required by

this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be,

unless good cause be shown."  N.D.N.Y. L.R. 7.1(b)(3).  The Court's consideration of whether a

movant has met its burden "to demonstrate entitlement" to the relief requested under Local Rule

---

[30]     *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and
citation omitted); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when
justice so requires").

[31]     *Stinson v. Sheriff's Dep't of Sullivan County*, 499 F. Supp. 259, 262 & n.9
(S.D.N.Y. 1980); *accord, Standley v. Dennison*, 05-CV-1033, 2007 WL 2406909, at *6, n.27
(N.D.N.Y. Aug. 21, 2007) (Sharpe, J., adopting report-recommendation of Lowe, M.J.); *Muniz*,
2007 WL 2027912, at *2 (McAvoy, J., adopting report-recommendation of Lowe, M.J.);
*DiProjetto v. Morris Protective Serv.*, 489 F. Supp.2d 305, 307 (W.D.N.Y. 2007); *Cosby v. City
of White Plains*, 04-CV-5829, 2007 WL 853203, at *3 (S.D.N.Y. Feb. 9, 2007); *Lopez v. Wright*,
05-CV-1568, 2007 WL 388919, at *3, n.11 (N.D.N.Y. Jan. 31, 2007) (Mordue, C.J., adopting
report-recommendation of Lowe, M.J.); *Richards v. Goord*, 04-CV-1433, 2007 WL 201109, at
*5 (N.D.N.Y. Jan. 23, 2007) (Kahn, J., adopting report-recommendation of Lowe, M.J.); *Ariola
v. Onondaga County Sheriff's Dep't.*, 04-CV-1262, 2007 WL 119453, at *2, n.13 (N.D.N.Y. Jan.
10, 2007) (Hurd, J., adopting report-recommendation of Lowe, M.J.); *Collins*, 2007 WL 37404,
at *4 (Kahn, J., adopting report-recommendation of Lowe, M.J.).

[32]     *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) [citation
omitted]; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of
course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint
should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice)
[citation omitted].

7.1(b)(3) is a more limited endeavor than a consideration of a contested motion requesting such relief.[33]

## II.   ANALYSIS

Because Plaintiff has failed to respond to Defendants' motion (despite having been twice advised of the adverse consequences of failing to so respond), the task before the Court is to determine whether Defendants have met their lightened burden on their motion.  *See*, *supra*, Parts I.A., I.B. of this Report-Recommendation.

Defendants' motion is premised on the following five legal arguments, which are set forth in their Memorandum of Law: (1) all of Plaintiff's claims should be dismissed because he failed to allege facts plausibly suggesting, and/or failed to adduce any evidence establishing, that he exhausted his available administrative remedies before filing this action in federal court; (2) Plaintiff's due process claim (under the Fourteenth Amendment) should be dismissed because (a) he has adduced no evidence that he had a liberty interest protected by the Fourteenth Amendment, and (b) in any event, he has adduced no evidence that he was not afforded all the process that he was due at his disciplinary hearings; (3) Plaintiff's deprivation-of-property claim

---

[33]     *See*, *e.g.*, *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before an unopposed motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") (emphasis added) (citations omitted); *Race Safe Sys., Inc. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-10 (N.D.N.Y. 2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *see also Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers)*, adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

(under the Fourteenth Amendment) should be dismissed because (a) he fails to allege facts plausibly suggesting that any Defendant was personally involved in the deprivation of his property, and (b) in any event, he fails to adduce evidence establishing that he availed himself of the state-provided post-deprivation remedy for such a deprivation of property, i.e., the filing of an action in the New York State Court of Claims; (4) Plaintiff's denial-of-access-to-the-courts claim (under the First Amendment) should be dismissed because he has failed to allege facts plausibly suggesting that he suffered any injury as a result of that denial; and (5) any retaliation claim (under the First Amendment) that Plaintiff is attempting to assert should be dismissed because he has failed to allege facts plausibly suggesting that he had been engaging in activity that is protected by the First Amendment before adverse action had been taken against him.  (*See* Dkt. No. 32, Part 21, at 9-20 [Defs.' Mem. of Law].)  I will address each of these arguments in turn (to the extent that I need to do so).

### A.   Whether Plaintiff's Amended Complaint Should Be Dismissed Due to a Failure to Exhaust His Available Administrative Remedies

Defendants correctly recite the law governing prisoners' exhaustion of available administrative remedies.  (*See* Dkt. No. 32, Part 21, at 9-11 [Defs.' Mem. of Law].)

The Prison Litigation Reform Act of 1995 ("PLRA") requires that prisoners who bring suit in federal court must first exhaust their available administrative remedies: "No action shall be brought with respect to prison conditions under §1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e.

The Second Circuit has held that a three-part inquiry is appropriate where a defendant

14

contends that a prisoner has failed to exhaust his available administrative remedies, as required by the PLRA.  *See Hemphill v. State of New York*, 380 F.3d 680, 686, 691 (2d Cir. 2004).  First, "the court must ask whether [the] administrative remedies [not pursued by the prisoner] were in fact 'available' to the prisoner."  *Hemphill*, 380 F.3d at 686 [citation omitted].  Second, if those remedies were available, "the court should . . . inquire as to whether [some or all of] the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it . . . or whether the defendants' own actions inhibiting the [prisoner's] exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense."  *Id.* [citations omitted].  Third, if the remedies were available and some of the defendants did not forfeit, and were not estopped from raising, the non-exhaustion defense, "the Court should consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's failure to comply with the administrative procedural requirements."  *Id.* [citations and internal quotations omitted].

### 1.     Availability

Defendants do not, in their motion papers, offer specific evidence (such as the affidavit of the supervisor or coordinator of the Clinton C.F. Inmate Grievance Program) that, during the time in question, there was a working grievance program specifically *at Clinton C.F.*  Granted, in his *original* Complaint, which was verified, Plaintiff answered "yes" to the question, "Is there a prisoner grievance procedure at [Clinton Correctional Facility]?"  (Dkt. No. 1, ¶ 4.a. [Plf.'s Verified Compl., dated 2/22/04].)  Ordinarily, a sworn allegation such as this is sufficient to constitute evidence for purposes of a motion for summary judgment.[34]  The problem is that, after

---

[34]        *See*, *supra*, note 13 of this Report-Recommendation.

making this sworn allegation in his original Complaint, Plaintiff filed an Amended Complaint which was not verified (and which, in any event, made no such allegation). It is rather well settled that an amended complaint supersedes the original complaint for all pleading purposes (unless the amended complaint has incorporated a portion of the original complaint by specific reference). However, it appears to be a matter of some dispute whether an *unsworn* amended complaint renders a *sworn* original complaint as without any evidentiary value whatsoever for purposes of a summary judgment motion.[35]

    Fortunately for Defendants, the Court need not resolve this issue in order to decide Defendants' motion. This is because, in order for Defendants to meet their modest threshold burden with respect to this first inquiry on a motion for summary judgment, it does not appear

---

[35]    On the one hand, there are cases holding that an unsworn amended complaint renders a sworn original complaint as without evidentiary value for purposes of a summary judgment motion. *See, e.g., Hatcher v. Fields*, No. 96-7085, 1997 WL 431784, at *2, n.2 (10th Cir. Aug. 1, 1997); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). On the other hand, there are cases holding that a sworn original complaint retains its evidentiary value, for purposes of a summary judgment motion, even after the filing of an unsworn amended complaint. *See, e.g., Morrison v. Fox*, 05-CV-3394, 2007 U.S. Dist. LEXIS 73328, at *3, n.1 (D.S.C. Oct. 1, 2007) ("[I]n light of the Plaintiff's *pro se* status, the Court considers any factual allegations set forth in the Plaintiff's unverified amended complaint that mirror the allegations set forth in his initial verified complaint as evidence for purposes of evaluating the Defendants' motion for summary judgment."); *White v. Simpson*, 04-CV-0728, 2006 WL 1007527, at *2, n.4 (N.D. Tex. Apr. 18, 2006) (even where plaintiff submitted an unsworn amended complaint, the court relied on his sworn original complaint, for purpose of summary judgment motion); *cf. Hoskins v. Alameda County Sheriff's Deputies*, 96-CV-0428, 1998 U.S. Dist. LEXIS 12404, at *6 (N.D. Cal. Aug. 5, 1998) ("Because plaintiff's original complaint was verified . . . and he amended his complaint in response to this court's order, this court will liberally construe the amended complaint to be verified as well."), *rev'd on other grounds*, 188 F.3d 513 (9th Cir. Cal. 1999). Here, I note that Plaintiff's unsworn Amended Complaint (which was filed in response to the Court's Order, and which alleges that Defendant Artus did not help Plaintiff after receiving one or more writings from Plaintiff) appears consistent with Plaintiff's sworn original Complaint (which specifically alleges that, during the time in question, there was a grievance program available at Clinton C.F.). (*Compare* Dkt. No. 9, ¶ 1 [Plf.'s Am. Compl.] *with* Dkt. No. 1, ¶ 4.a. [Plf.'s Compl.].)

that they need to adduce evidence that, during the time in question, there was a working

grievance program *specifically at Clinton C.F.*  Rather, it appears sufficient for a defendant to

adduce evidence merely that, during the time in question, the New York State Department of

Correctional Services ("DOCS") had available to inmates, *in general*, an Inmate Grievance

Program.[36]  Here, Defendants have adduced at least some evidence of such a fact.[37]

The steps involved in this Inmate Grievance Program are well established:

> First, an inmate is to file a complaint with the Grievance Clerk.  An
> inmate grievance resolution committee ("IGRC") representative has
> seven working days to informally resolve the issue.  If there is no
> resolution, then the full IGRC conducts a hearing and documents the
> decision.  Second, a grievant may appeal the IGRC decision to the
> superintendent, whose decision is documented.  Third, a grievant may
> appeal to the central office review committee ("CORC"), which must
> render a decision within twenty working days of receiving the appeal,
> and this decision is documented.

*White v. The State of New York*, 00-CV-3434, 2002 U.S. Dist. LEXIS 18791, at *6 (S.D.N.Y.

Oct. 3, 2002) (citing N.Y. COMP. CODES R. & REGS. tit. 7, § 701.7).  DOCS also has a separate

---

[36]     *See*, *e.g.*, *Wilkinson v. Banks*, 02-CV-0361, 2007 WL 2693636, at *7-8
(W.D.N.Y. Sept. 10, 2007) (granting defendants' motion for summary judgment after, *inter alia*,
[1] noting that defendants had, through an affidavit of Thomas Eagen, adduced evidence
indicating the existence of DOCS' Inmate Grievance Program, and [2] finding that plaintiff had
adduced no evidence suggesting that the Program was not available to him during the time in
question).  Indeed, some authority exists suggesting that this is the sort of fact of which a court
might take judicial notice.  *See Wegman v. Grimmke*, 03-CV-2345, 2004 WL 2202642, at *4
(W.D.N.Y. Sept. 30, 2004) (granting defendants' motion for summary judgment after, *inter alia*,
[1] appearing to take judicial notice of the existence of DOCS' Inmate Grievance Program, and
[2] finding that plaintiff had adduced no evidence suggesting that the Program was not available
to him during the time in question).

[37]     (*See* Dkt. No. 32, Part 3, ¶ 1-2 [Affid. of Def. Eagen, swearing that, *inter alia*, he
is the "Director of the Inmate Grievance Program of the New York State Department of
Correctional Services," that he is the "custodian of the records maintained by the Central Office
Review Committee," and that the Committee's computer database contains records of all appeals
received from "the facility Inmate Grievance Program Offices" since 1990].)

and distinct administrative appeal process for inmate misbehavior hearings:

    A.      For Tier III superintendent hearings, the appeal is to the Commissioner's designee, Donald Selsky, D.O.C.S. Director of Special Housing/Inmate Disciplinary Program, pursuant to 8 N.Y.C.R.R. § 254.8;

    B.      For Tier II disciplinary hearings, the appeal is to the facility Superintendent pursuant to 7 N.Y.C.R.R. § 253.8; and

    C.      For Tier I violation hearings, the appeal is to the facility Superintendent or a designee pursuant to 7 N.Y.C.R.R. § 252.6.

Individual decisions or dispositions regarding inmate misbehavior reports and hearings, or inmate grievances, are not considered grievable matters; however, the policies, rules and procedures of the disciplinary and grievance programs may be the subject of a grievance. *See* 7 N.Y.C.R.R. § 701.3(e)(1), (2); *see also* N.Y. Dep't Corr. Serv. Directive No. 4040 at III.E. Generally, if a prisoner has failed to follow each of these steps prior to commencing litigation, he has failed to exhaust his administrative remedies. *Rodriguez v. Hahn*, 209 F. Supp. 2d 344, 347-48 (S.D.N.Y. 2002); *Reyes v. Punzal*, 206 F. Supp. 2d 431, 433 (W.D.N.Y. 2002).

    In their motion papers, Defendants have adduced evidence establishing that, despite this available grievance procedure, Plaintiff never filed any grievance appeal with CORC during the time in question (or at any time).  (Dkt. No. 32, Part 3, ¶ 3 [Affid. of Eagen].)  Plaintiff has adduced no record evidence controverting this fact.[38]

---

    [38]      Indeed, in his original Complaint, which (again) was verified, Plaintiff asserts facts indicating that the highest level of DOCS staff to which he appealed any Inmate Grievance Resolution Committee decision was the office of the Clinton C.F. Superintendent.  (Dkt. No. 1, ¶ 4.c.(i) [Plf.'s Verified Compl.].)

As a result, I find that, despite the fact that administrative remedies were indeed available to Plaintiff, he failed to pursue those remedies.

### 2.      Forfeiture/Estoppel

I find no evidence in the record that Defendants forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it.  (*See* Dkt. No. 28, Part 1, ¶¶ 16-17 [Defs.' Answer, raising exhaustion as a defense].)  Nor do I find any evidence in the record that Defendants' own actions somehow inhibited Plaintiff's exhaustion of remedies sufficient to estop one or more of the Defendants from raising Plaintiff's failure to exhaust as a defense.  Granted, I acknowledge that, in his Amended Complaint, Plaintiff alleges that, at various points in time, (1) Defendant Castiron "threatened to beat [Plaintiff]," (2) Defendant Renown "threatened" Plaintiff, and (3) Defendant Amsteal "act[ed] crazy."  (Dkt. No. 1, ¶¶ 5, 7, 10 [Plf.'s Am. Compl.].)  However, Plaintiff has adduced no evidence in support of the alleged actions.  The Amended Complaint does not constitute such evidence since it is not verified.  And, while the original Complaint is verified, it contains absolutely no factual assertions regarding such actions.  (*See* Dkt. No. 1, ¶¶ 6-7 [Plf.'s Compl.].)

### 3.      Special Circumstances

Finally, I find no evidence in the record establishing (or even factual allegations in Plaintiff's Amended Complaint plausibly suggesting) the existence of any special circumstances that would justify Plaintiff's failure to comply with the administrative procedural requirements.

As a result, I recommend that Plaintiff's Amended Complaint be dismissed due to his failure to adduce any evidence that he exhausted his administrative remedies before filing this action in federal court.

**B.      Defendants' Other Asserted Grounds for Dismissal**

Because I find that Defendants' have met their modest burden with regard to their first ground for dismissal (i.e., Plaintiff's failure to exhaust his available administrative remedies before filing this action in federal court), I need not, and do not, reach the merits of their other arguments, except to make the following two observations.

First, with respect to Defendants' argument that Plaintiff has adduced no evidence that he had a liberty interest protected by the Fourteenth Amendment, Defendants appear to be correct when they argue that, for several *separate* periods of confinement to be considered *together* (for purposes of applying *Sandlin v. Connor*, 515 U.S. 472 [1995]), those separate periods of confinement must be *consecutive*.  (Dkt. No. 32, Part 21, at 12-14 [Defs.' Mem. of Law].) In particular, the precise issue, in such a circumstance, is whether the disciplinary confinements in question constitute a "sustained" period of confinement such that they may be aggregated for purposes of the Due Process Clause.[39]  Generally, it appears from Second Circuit decisions that separate SHU sentences constitute a "sustained" period of confinement when (1) they are contiguous *and* (2) they either (a) were imposed by the same disciplinary hearing officer or (b) were based on the same administrative rationale and are executed under the same conditions.[40]

---

[39]      As the Second Circuit has held, "separate SHU sentences should be aggregated for purposes of the *Sandlin* inquiry when they constitute a *sustained* period of confinement." *Giano v. Selsky*, 238 F.3d 223, 226 (2d Cir. 2001) [internal quotations and citations omitted; emphasis added].

[40]      *See Giano*, 238 F.3d at 226 (aggregating 670 days in administrative segregation at Attica C.F. to 92 days in administrative segregation at Clinton C.F., which segregation *immediately followed* the prior segregation, where it was clear that the subsequent segregation was "simply a continuation" of the prior segregation because "the two periods of confinement were based on the same administrative rationale and . . . the conditions of Giano's confinement were . . . identical at both facilities"); *Sealey v. Giltner*, 197 F.3d 578, 580, 587-88 (2d Cir. 1999)

Here, Defendants have adduced evidence that the five periods of confinement in question were *not* contiguous or consecutive.  (*See* Dkt. No. 32, Parts 10, 12, 14, 16, 18 [Affid. of Jarvis, attaching, as exhibits, Plaintiff's disciplinary hearing dispositions, showing sentences imposed as a result of his disciplinary convictions].)  And Plaintiff has adduced no evidence controverting that fact.

Second, with respect to Defendants' argument that Plaintiff's denial-of-access-to-the-courts claim (under the First Amendment) should be dismissed because he has failed to allege facts plausibly suggesting that he suffered any injury as a result of that denial, Defendants are correct when they argue that, to be viable, such a claim must allege facts plausibly suggesting that Plaintiff suffered an injury as a result of the denial.  It is well settled that inmates have a First Amendment right of access to the courts that requires states "to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights."[41] "However, this right is not 'an abstract, freestanding right to a law library or legal assistance' and

---

(taking 83-day sentence in SHU imposed by Defendant Giltner at April 16 disciplinary hearing, and aggregating it to 18-day sentence in SHU that plaintiff had served *immediately prior* to April 16 disciplinary hearing, but not aggregating it to sentence that resulted from a subsequent disciplinary hearing conducted by a *different hearing officer*); *cf. Sims v. Artuz*, 230 F.3d 14, 18-19, 23-24 (2d Cir. 2000) (leaving it to district court to explore whether to aggregate any of the 60-day to 360-day sentences from seven disciplinary hearings that occurred within a four-and-one-half-month period, where all of those sentences were contiguous, two of them were administered by the same disciplinary hearing officer, and two others were also administered by the same disciplinary hearing officer).

[41]      *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *modified on other grounds*, *Lewis v. Casey*, 518 U.S. 343, 350, (1996); *see also Bourdon v. Loughren*, 386 F.2d 88, 92 (2d Cir. 2004) [citations omitted].

cannot ground a Section 1983 claim without a showing of 'actual injury.'"[42]  As a result, to state

a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations

demonstrating both (1) that the defendant acted deliberately and maliciously, and (2) that the

plaintiff suffered an actual injury.[43]  It is worth noting that "[t]his actual injury requirement 'is

not satisfied by just any type of frustrated legal claim,' because the Constitution guarantees only

the tools that 'inmates need in order to attack their sentences, directly or collaterally, and in order

to challenge the conditions of their confinement."[44]  "'Impairment of any *other* litigating capacity

is simply one of the incidental (and perfectly constitutional) consequences of conviction and

incarceration.'"[45]  Here, Plaintiff does not allege facts plausibly suggesting that he suffered any

injury as a result of being denied the ability to go to the facility's law library and being deprived

of certain of his legal materials.  (*See generally* Dkt. No. 9 [Plf.'s Am. Compl.].)  Even if he had

alleged such facts, he has not adduced any evidence in support of such an allegation.

C.     **Whether, in the Alternative, the Court Should Revoke Plaintiff's *In Forma
       Pauperis* Status as Having Been Improvidently Granted, and Dismiss
       Plaintiff's Amended Complaint Without Prejudice to Refiling Upon Payment
       of the Filing Fee**

Finally, in the interest of thoroughness, I think it is appropriate to mention an alternative

ground for dismissal of Plaintiff's Amended Complaint.  Under the so-called "Three Strikes

---

[42]     *Collins v. Goord,* 438 F. Supp.2d 399, 415 (S.D.N.Y. 2006) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 [1996]).

[43]     *Lewis*, 518 U.S. at 353; *Renelique v. Duncan*, 03-CV-1256, 2007 WL 1110913, at *9 (N.D.N.Y. Apr. 12, 2007) (Strom, J.); *Howard v. Leonardo*, 845 F. Supp. 943, 946 (N.D.N.Y. 1994) (Hurd, M.J.).

[44]     *Collins*, 423 F. Supp.2d at 415-16 (quoting *Lewis*, 518 U.S. at 355).

[45]     *Id.*

Rule" set forth in the federal statute governing *in forma pauperis* proceedings, in no event shall a

prisoner be permitted to bring an action *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it. . . fails to state
> a claim upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The power of a federal district court to invoke this rule is not limited to the

outset of a litigation but extends all throughout the pendency of the proceeding.  In other words,

specifically, federal district courts have the authority to rescind or revoke the *in forma pauperis*

status that it has previously bestowed upon a plaintiff, where it discovers that the status was

improvidently granted, even if the courts exercise that authority well into the pendency of the

proceedings.[46]

---

[46]     **Northern District of New York:** *See Flemming v. Goord*, 06-CV-0562, 2007
WL 3036845, at *2 (N.D.N.Y. Oct. 16, 2007) (Mordue, C.J., adopting Report-Recommendation
by Homer, M.J.); *Standley v. Dennison*, 05-CV-1033, 2007 WL 2406909, at *13-14 (N.D.N.Y.
Aug. 21, 2007) (Sharpe, J., adopting Report-Recommendation of Lowe, M.J.); *Gamble v.
Monette*, 06-CV-0136, 2007 WL 2089697, at *1-4 (N.D.N.Y. July 20, 2007) (Kahn, J., adopting
Report-Recommendation of DiBianco, M.J.); *Pettus v. Brown*, 06-CV-0152, 2007 WL 1791120,
at *2-3 (N.D.N.Y. June 19, 2007) (Mordue, C.J., adopting Report-Recommendation of Homer,
M.J.); *Gill v. Pidlypchak*, 02-CV-1460, 2006 WL 3751340, at *5 (N.D.N.Y. Dec. 19, 2006)
(Scullin, J.); *Polanco v. Burge*, 05-CV-0651, 2006 WL 2806574, at *2 (N.D.N.Y. Sept. 28,
2006) (Kahn, J., adopting Report-Recommendation by Homer, M.J.).
     **Western District of New York:** *See Polanco v. Hopkins*, 03-CV-6661, 2007 WL
914023, at *3-6 (W.D.N.Y. Mar. 23, 2007).
     **Eastern District of New York:** *See McFadden v. Parpan*, 16 F. Supp.2d 246,
247 (E.D.N.Y. 1998); *see also Rolle v. Nassau County Correctional Facility*, 01-CV-2414,
Order, at 2 (E.D.N.Y. filed Nov. 17, 2004) ("A court may revoke the *in forma pauperis* status it
previously bestowed upon a [plaintiff], where that status is later determined to be 'improvident'")
[citation omitted], *accord*, *Rolle v. Kurtzrock*, 03-CV-1789, Order (E.D.N.Y. filed June 17,
2004).
     **District of Connecticut:** *See Demos v. John Doe*, 118 F. Supp.2d 172, 174 (D.
Conn. 2000).

Here, the Court granted Plaintiff's request to proceed *in forma pauperis* on July 7, 2005. (Dkt. No. 10, at 3.)  However, it is clear from the United States Courts' Public Access to Court Electronic Records ("PACER") Service that, as of July 7, 2005, Plaintiff had already received three "strikes" for purposes of 28 U.S.C. § 1915(g).  Specifically, Plaintiff's Complaint in the prisoner civil-rights action of *Taylor v. Goldman*, 04-CV-1212 (E.D.N.Y.), was dismissed by Order of Chief Judge Raymond J. Dearie, of the Eastern District of New York, on April 8, 2004, for failure to state a claim upon which relief may be granted.  His Complaint in the prisoner civil-rights action of *Taylor v. Zubizarreta*, 04-CV-1565 (E.D.N.Y.), was dismissed, also by Order of Chief Judge Dearie, on August 12, 2004, for failure to state a claim upon which relief may be granted.  And his Complaint in the prisoner civil-rights action of *Taylor v. Goldman*, 04-CV-5121 (E.D.N.Y.), was dismissed, also by Order of Chief Judge Dearie, on December 3, 2004, for failure to state a claim upon which relief may be granted.[47]  Finally, I find nothing on the face of the Amended Complaint indicating that Plaintiff is in "imminent danger of serious physical injury."[48]

---

[47]      I note that, *after* Plaintiff's *in forma pauperis* status was (improvidently) granted in this case on July 7, 2005, he earned at least **four** more "strikes," for purposes of 28 U.S.C. § 1915(g).  *See Taylor v. Second Dept. Appellate Div.,* 05-CV-4791 (E.D.N.Y.) (Dearie, C.J.) (dismissing Plaintiff's Complaint for failure to state a claim on October 17, 2005); *Taylor v. Gemill*, 05-CV-6093 (E.D.N.Y.) (Dearie, C.J.) (dismissing Plaintiff's Complaint for failure to state a claim on January 17, 2006) *Taylor v. Artis,* 05-CV-1569 (N.D.N.Y.) (Sharpe, J.) (dismissing Plaintiff's Complaint for failure to state a claim on May 10, 2006); *Taylor v. Bisceglia*, 06-CV-0277 (N.D.N.Y.) (Mordue, C.J.) (dismissing Plaintiff's Amended Complaint for failure to state a claim on May 10, 2007); *see also Taylor v. Bennett*, 05-CV-10709 (S.D.N.Y.) (Berman, J.) (granting defendants' "motion to dismiss" Plaintiff's Amended Complaint on January 24, 2007, but not indicating grounds for dismissal).

[48]      28 U.S.C. § 1915(g); *see also Malik v. McGinnis*, 293 F.3d 559, 561 (2d Cir. 2002) (examining plaintiff's allegations in order to determine if plaintiff's case fell within the exception to the three strikes rule for prisoners in "imminent danger of serious physical injury").

As a result, I recommend that, in the alternative, the Court should revoke Plaintiff's *in forma pauperis* status and dismiss Plaintiff's Amended Complaint without prejudice to refiling upon payment of the filing fee.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 32) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 5, 2007
       Syracuse, New York

George H. Lowe
United States Magistrate Judge